UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JAMES ANTHONY JOHNSON**<br>D.O.C. # 125794 | : | **DOCKET NO. 18-cv-24**<br>**SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **DEPT. OF CORRECTIONS, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Before the court is a petition for writ of habeas corpus [doc. 4] and "response in support" [doc. 7] filed pursuant to 28 U.S.C. § 2241 by pro se petitioner James Anthony Johnson. Johnson is an inmate in the custody of the Louisiana Department of Public Safety and Corrections ("LADPSC") and is currently incarcerated at the Calcasieu Correctional Center in Lake Charles, Louisiana.

**I.**
**BACKGROUND**

Johnson alleges that he signed an agreement with the LADPSC in 1995, agreeing to give up incentive wages for the right to earn good-time credit on a 32-year sentence imposed on him that year. Doc. 4, pp. 6–7. Accordingly, he maintains, his term of imprisonment should have been cut in half and "and the other half was to be diminished," resulting in LADPSC holding him for an extra four years. *Id.* He states that LADPSC is not maintaining its end of the bargain, in that it failed to award him the promised good-time credit and instead "forced parole on [him] along with parole fees and other fees for classes that don't apply to [him] at all." *Id.* at 8. He also alleges that he received another sentence in 2017, for six months with credit for time served, but that the

LADPSC is refusing to properly credit him and has instead added another ten years to his sentence. *Id.* at 10–12. He now brings this petition, seeking immediate release from custody and parole and a "gold seal pardon." *Id.* at 12. He also seeks damages, including incentive wages lost under his agreement with the LADPSC, and requests that the matter be referred to the FBI for investigation. *Id.* In his response he also enumerates several constitutional claims based on the LADPSC's execution of his sentence. Doc. 7.

## II.
### LAW & ANALYSIS

### A. Screening of Habeas Corpus Petitions

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Application

#### 1. Exhaustion

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). When a state prisoner brings a constitutional challenge against parole procedures or rules affecting his release, and the resolution would entitle him to accelerated release, the challenge is properly asserted under § 2241. *Bailey v. Hubert*, 2007 WL 1805065 at *4 (E.D. La. Jun. 19, 2007) (citing *Davis v. Fechtel*, 150 F.3d 486, 490 (5th Cir. 1998)).

A petitioner is not eligible for such relief, however, unless he has first exhausted available state court remedies. *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). The exhaustion requirement is generally only satisfied if all the grounds asserted in the federal position have already been presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1998). "[A] federal court should abstain from the exercise of its habeas jurisdiction if the issues may be resolved on the merits in the state court or by some other state procedures available to the petitioner." *Bailey*, 2007 WL 1805065 at *5. The court may raise the issue of exhaustion sua sponte. *McGee v. Estelle*, 722 F.2d 1206, 1214 (5th Cir. 1984).

Johnson does not indicate whether he has pursued state court remedies for any of his claims. Before we will review the merits of these claims, we require him to show proof of exhaustion or explain why he might be excused from exhausting such remedies.

### 2. *Proper party*

Johnson names several respondents in this suit. The proper respondent in a habeas proceeding is the warden of the facility where the petitioner is being held. *Rumsfeld v. Padilla*, 124 S.Ct. 2711, 2717–18 (2004). Accordingly, Johnson should also amend his petition to substitute the warden of the Calcasieu Correctional Center as sole respondent in this action, and dismiss all claims against other respondents.

### 3. *Heck concerns*

Johnson seeks damages based on the alleged "breach of contract" committed by the LADPSC. Under the *Heck* doctrine, civil tort actions may not be used to challenge criminal judgments. *See Heck v. Humphrey*, 114 S.Ct. 2364 (1994). If a judgment in the plaintiff's favor on a civil claim would imply the invalidity of his conviction or sentence, such claim is barred unless he can show that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 652 (5th Cir. 2007). Johnson's claims for damages are clearly *Heck*-barred, as he has asserted them in the same action through which he seeks habeas relief from his sentence. Accordingly, he should dismiss this claim, without prejudice to pursuing it in a properly filed civil suit once he can meet the conditions described above.

### 4. *Other relief*

Johnson also requests that a pardon be issued and that the court refer this matter to the FBI for investigation of the LADPSC's alleged corruption. Johnson may seek reversal of his conviction through a habeas petition filed under 28 U.S.C. § 2254, but this court cannot order that he be pardoned from a state conviction because we lack jurisdiction to issue a writ of mandamus against a state actor or agency. *Kenney v. Abbott*, 2015 WL 4979212 at *2 (N.D. Tex. Aug. 19, 2015) (citing *Moye v. Clerk, DeKalb Cty. Sup. Ct.*, 474 F.2d 1275, 1275–76 (5th Cir. 1973)). A referral to the FBI would also be inappropriate, given this court's neutrality and the separation of powers mandated by the Constitution. Johnson is free to contact the FBI or any other law enforcement agency on his own accord.

## III.
### CONCLUSION

In order for this court to determine whether the petition should survive our initial review, Johnson must amend his complaint as described above.

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Johnson at his last address on file.

**IT IS ORDERED** that Johnson amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies as outlined above.

Failure to comply with this order may result in dismissal of the claims above under Rule 4 of the Rules Governing § 2254 Cases, or under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962).

Johnson is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

THUS DONE AND SIGNED in Chambers this 9th day of February, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE