# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JAMES ANTHONY JOHNSON**  :  | **DOCKET NO. 18-cv-0024** |
| **D.O.C. # 125794** | **SECTION P** |
| **VERSUS** : | **UNASSIGNED DISTRICT JUDGE** |
| **DEP'T OF CORRECTIONS, ET AL.** : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed by pro se petitioner James Anthony Johnson is an inmate in the Louisiana Department of Public Safety and Corrections and is currently incarcerated at the Calcasieu Correctional Center in Lake Charles, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

Johnson sought relief in this court through a deficient petition filed on or about January 5, 2018. Doc. 1. He then filed a petition and response in support later that month, clarifying his claim of unconstitutional parole procedures and miscalculation of his sentence. Docs. 4, 7. After conducting an initial review, we issued a memorandum order directing Johnson to amend his petition and clarify (1) whether he had exhausted his claims in the state courts; (2) to dismiss claims raised against improper parties; (3) to dismiss his claim for damages as barred under *Heck v. Humphrey*, 114 S.Ct. 2364 (1994); and (4) to dismiss his request for a pardon. Doc. 9. We set March 12, 2018, as compliance date for the amendment. *Id.* On February 27, 2018, Johnson responded with a letter to the court, in which he expressed frustration with the amend order and

-1-

his situation, but failed to amend his claims as directed or provide any of the requested information. Doc. 10. The court has received no communication from Johnson since that date.

A district court may dismiss an action based on the plaintiff's failure to prosecute or comply with a court order. Fed. R. Civ. P. 41(b). A court possesses the inherent authority to dismiss the action *sua sponte* on this basis. *Link v. Wabash R.R. Co.*, 82 S.Ct. 1386, 1388–89 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." Id. at 1388.

Here Johnson failed to comply with a court's order, and his time for doing so has elapsed. Johnson should be allowed to reassert his claims in this court, but only if he is willing to comply with simple directives such as orders to dismiss improper parties and inform the court whether he sought relief at the state level. His pro se status and lack of legal knowledge do not excuse his failure to provide the court with information needed to determine if his petition should survive initial review and be served on the parties he has named. Accordingly, **IT IS RECOMMENDED** that Johnson's petition be **DISMISSED WITHOUT PREJUDICE** under Rule 41(b) of the Federal Rules of Civil Procedure.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

-3-

THUS DONE AND SIGNED in Chambers this 9th day of April, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE